GEORGE W. LAKE, Respondent, *against* THE DEVOE MANUFACTURING COMPANY, Appellant.

(Decided April 2d, 1877.)

Where the plaintiff had exported certain goods which he had purchased from the defendant, viz., oil in cans, and the defendant had acted as agent for the plaintiff in shipping it, and had shipped it and entered it at the Custom House for

the drawbacks allowed on the cans, under U. S. Rev. Stat., § 3015, *et seq.*, in the name of the defendant, and in that name received the debentures given under the treasury regulations for the drawback. *Held*, that the plaintiff being the exporter was entitled to the drawback under the statute and the treasury regulations made thereunder, and could treat the defendant as his agent in entering the goods for the drawback and receiving the debentures therefor, and collecting the money thereon, and could maintain an action against the defendant for the money so collected.

*Held*, further, that by making delivery to the defendant of the certificate issued under the treasury regulations by the collector of the port from which the goods were exported to the "exporter or his agent," showing the right to the drawback (and by which the defendant secured the issuing to it of the debentures, and the cancelation of the bond given by it under U. S. Rev. Stat., § 3042, on such entry of the goods for exportation), and by bringing a suit against the defendant to recover from it the money received by it on the debentures, the plaintiff ratified all the acts of the defendant in entering the goods, and could not claim the drawback from the government, and that this case was therefore distinguishable from *Butterworth* v. *Gould* (41 N. Y. 460) and *Patrick* v. *Metcalf* (37 N. Y. 332).

APPEAL by the defendant from a judgment rendered by the Justice of the District Court of the First District in New York City, in favor of plaintiff for $44 50 and costs, being the amount of certain drawback received by defendant on the exportation from the port of New York to Japan of tin cans (containing oil), the cans being manufactured in this country of materials imported therein on which duty had been paid. The drawback was that allowed by Rev. Stat. U. S. § 3015, *et seq.*, and pursuant to the Treasury Regulations, Art. 819, .825–6–7–8 and 831.

*Scudder & Carter*, for appellant.

*Charles Harris Phelps*, for respondent.

JOSEPH F. DALY, J.—The plaintiff was exporter of the cans and oil, the defendants, from whom he purchased it, acting as his agents in shipping it, although they did so in their own name and entered the goods for drawback in their own name. Under the Statutes of the United States, the drawback debentures are to be issued at the request of the exporter (U. S. Rev. Stat. § 3038), and by the Treasury Regu-

lations the exporter alone is recognized as the party to apply for and receive the debentures. Plaintiff, the exporter of these oil cans, may treat the defendants as his agents, and to that extent ratify their act in entering the goods for drawback and receiving the debentures, and may maintain his action for the money so received by them, because :—1st. Defendants in shipping the goods acted as plaintiff's agents, pursuant to his directions, and were thus, and not otherwise, enabled to make the export entry for drawback in the course of his employment and not independently of him. 2d. Defendants canceled their bond given on such entry by the certificate given them by plaintiff, who, at the time he gave it, demanded the drawback. Upon the conflicting testimony on this point we must assume from the decision the justice found in plaintiff's favor. 3d. By this action and the delivery of such certificate, plaintiff ratifies all the acts of defendant in entering the goods, and cannot claim against the government. The authorities cited by defendant (*Butterworth* v. *Gould*, 41 N. Y. 450; *Patrick* v. *Metcalf*, 37 N. Y. 332), therefore, do not apply to the state of facts here disclosed.

But defendants claim that by the custom of the trade, they, as sellers of the oil in cans to plaintiff for exportation, were entitled to the drawback, having made the customary deduction from the price for the oil they sold plaintiff in consideration of such drawback to be received. But the plaintiff, admitted as a witness as to the custom, testified that where the seller is to retain the drawback a special contract is always made.

The evidence is conflicting, but the justice has found against defendants on the questions of fact in the case, and I am not in favor of disturbing his decision.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., concurred.

VAN HOESEN, J.—I think *Butterworth* v. *Gould* (41 N. Y. 450) an authority in favor of the plaintiff. I concur in Judge Daly's views.

Judgment affirmed.